JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JOHN ROBERT DOYLE and DIANE MARIE DOYLE,

      Plaintiffs,

v.

GENERAL MOTORS LLC, MARTIN CHEVROLET, and DOES 1 through 10, inclusive,

      Defendants.

Case No.: CV 19-10781-CJC(SSx)

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [Dkt. 11]

## I. INTRODUCTION & BACKGROUND

On November 18, 2019, Plaintiffs John Robert and Diane Marie Doyle brought this action against Defendant General Motors, LLC ("GM") in Los Angeles County Superior Court, alleging that their 2011 Chevrolet Equinox, which GM manufactured, has an engine defect that causes it to consume excessive oil. Plaintiffs assert that GM violated California's Song-Beverly Consumer Warranty Act, breached the express written warranty and implied warranty of merchantability, violated the federal

-1-

Magnuson-Moss Warranty Act ("Mag-Moss"), and committed fraud. (Dkt. 1-1 [Complaint].)

GM removed the case, invoking federal question jurisdiction based on Plaintiffs' Mag-Moss claim, and also diversity jurisdiction. (Dkt. 7.) After GM moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), (Dkt. 6), Plaintiffs filed a First Amended Complaint (Dkt. 7 [First Amended Complaint, hereinafter "FAC"]). Plaintiffs made two changes in the FAC: they (1) removed their Mag-Moss claim, and (2) added Martin Chevrolet, the dealership that sold Plaintiffs the car and serviced it, as a Defendant on claims for negligent repair and breach of the implied warranty. (FAC at 19–20.)

Before the Court is Plaintiffs' motion to remand, which argues that the addition of Martin Chevrolet destroys any diversity jurisdiction the Court had, and that the removal of the Mag-Moss claim destroys federal question jurisdiction. (Dkt. 11 [hereinafter "Mot."].) GM opposes, arguing that Martin Chevrolet was fraudulently joined and thus does not destroy diversity jurisdiction. (Dkt. 13 [hereinafter "Opp."].) For the following reasons, Plaintiffs' motion is **GRANTED**.[1]

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotations omitted). By statute, federal courts have diversity jurisdiction over suits where more than $75,000 is in controversy if the citizenship of each plaintiff is

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for March 2, 2020 at 1:30 p.m. is hereby vacated and off calendar.

different from that of each defendant. 28 U.S.C. § 1332(a). If at any time before final judgment, the court determines that it lacks subject matter jurisdiction, the action shall be remanded to state court. 28 U.S.C. § 1447(c).

The procedural posture presented in this motion is somewhat unusual. Usually fraudulent joinder comes up when (a) a defendant removes, and argues that the citizenship of an apparently non-diverse defendant included in a state court pleading should be ignored for purposes of removal, or (b) a plaintiff asks the court for leave to add a non-diverse defendant. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff *seeks to* join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.") (emphasis added). This case presents neither of these situations. Instead, the parties in the operative pleading were completely diverse when the case was removed, and Plaintiffs then amended their complaint in federal court to add a defendant that would destroy this Court's diversity jurisdiction, without seeking leave to do so. The Court construes the motion to remand as a request for leave to join an additional defendant whose joinder would destroy subject matter jurisdiction, and to remand the action to the State court under 28 U.S.C. § 1447(e).

Whether to permit joinder of a party that will destroy diversity remains in the sound discretion of the district court. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). In exercising their discretion, courts consider various factors: (1) whether the party sought to be joined is needed for just adjudication and would be joined under FRCP 19(a), (2) whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder, (3) whether there has been unexplained delay in seeking joinder, (4) whether the joinder is solely for the purpose of defeating federal jurisdiction, (5) whether the claim against the new party seems valid, (6) the possible prejudice that may result to any of the parties in the

litigation, (7) the closeness of the relationship between the new and the old parties, (8) the effect of an amendment on the court's jurisdiction; and (9) the new party's notice of the pending action. *McDowell v. Ford Motor Co.*, 2017 WL 252280, at *2 (C.D. Cal. Jan. 19, 2017).

## III. DISCUSSION

The Court finds that these factors weigh in favor of allowing amendment. First, it appears that Martin Chevrolet is needed for just adjudication and would be joined under FRCP 19(a)(2). *See McDowell*, 2017 WL 252280, at *2. The claims asserted against both GM and Martin Chevrolet involve the same car, the same alleged defects in that car, and the same attempts to repair that car, and will likely require many of the same documents and witnesses and turn on many of the same legal and factual questions. *See Forward-Rossi v. Jaguar Land Rover N. Am., LLC*, 2016 WL 3396925, at *3 (C.D. Cal. June 13, 2016) (concluding that this factor weighed in favor of granting leave to amend for these reasons). In opposition, GM argues that Martin Chevrolet is an unnecessary defendant because it contends the implied warranty the dealership provides is "coextensive" with the warranty from the manufacturer, so the "implied warranty cause of action provides no remedies in addition to those sought from GM and those available in the other causes of action." (Opp. at 5–6.) However, "[w]here, as here, the breach of warranty claims against the manufacturer and dealership arise from the same vehicle and alleged defects, California district courts have held that the dealership is 'necessary for just adjudication' of the claims and thus was properly joined." *Torres v. Ford Motor Co.*, 2018 WL 4182487, at *2 (C.D. Cal. Aug. 30, 2018). GM also completely fails to address Plaintiffs' negligent repair claim.

Moreover, Plaintiffs' claims against Martin Chevrolet appear at least facially valid. *See McDowell*, 2017 WL 252280, at *2. GM argues that "Martin Chevrolet is a sham

defendant because plaintiff's claim for breach of implied warranty is barred under the statute of limitations." (Opp. at 4.) But even if this were true, GM again fails to address the validity of Plaintiffs' negligent repair claim against Martin Chevrolet. The elements of negligence are duty, breach, causation, and damages. *Burgess v. Superior Court*, 2 Cal. 4th 1064, 1072 (1992). "One who undertakes repairs has a duty arising in tort to do them without negligence." *Sw. Forest Indus., Inc. v. Westinghouse Elec. Corp.*, 422 F.2d 1013, 1020 (9th Cir. 1970). In support of their negligent repair claim, Plaintiffs allege that they took their vehicle to Martin Chevrolet for repairs on eight occasions between March 2015 and October 2018. (FAC ¶¶ 10–17.) They further allege that Martin Chevrolet owed them a duty to use ordinary care and skill in the storage, preparation, and repair of their vehicle and that Martin Chevrolet breached this duty by failing to properly store, prepare, and repair the vehicle according to industry standards. (*Id.* ¶¶ 84–85.) Plaintiffs allege this breach was a proximate cause of their damages. (*Id.* ¶ 86.) GM does not argue that this claim does not appear valid, and the Court finds that it does seem valid for purposes of this motion. *See McDowell*, 2017 WL 252280, at *2.

Nor does Plaintiffs' delay in asserting their claim against Martin Chevrolet weigh against permitting amendment and remanding. *See McDowell*, 2017 WL 252280, at *2. The fact that Plaintiffs did not include their claims against Martin Chevrolet in their original complaint does not preclude them from stating a colorable claim against Martin Chevrolet in the FAC. *See, e.g.*, *Javaherian v. AMCO Ins. Co.*, 2020 WL 429428, at *3 (C.D. Cal. Jan. 27, 2020). Additionally, Plaintiffs amended their complaint to add Martin Chevrolet less than two months after filing the complaint, and less than one month after removal. *See Forward-Rossi*, 2016 WL 3396925, at *3 (finding this factor supported allowing amendment even where the plaintiff sought leave to amend five months after filing the initial complaint and four months after removal). GM does not assert that any prejudice will result from permitting this amendment. *See McDowell*, 2017 WL 252280, at *2.

On balance, the relevant factors weigh in favor of permitting joinder. The Court further observes that justice and fundamental fairness would not be served by requiring parallel and overlapping actions in state court against Martin Chevrolet, and federal court against GM. Accordingly, the Court **GRANTS** Plaintiffs leave to amend their complaint to add Martin Chevrolet. Because joinder divests the Court of diversity jurisdiction, the case is hereby **REMANDED** to Los Angeles County Superior Court.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion, and **REMANDS** this case to Los Angeles County Superior Court.

DATED: February 25, 2020

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE